UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REUBEN EARL MR. HAYES,<br><br>Defendant. | Case No. 13-cr-00085-JD-1<br><br>**ORDER DENYING MOTION FOR A NEW TRIAL AND GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW** |

A jury found defendant Reuben Earl Hayes guilty on four counts: possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g); possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a); possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a); and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Verdict, Dkt. No. 200. Although represented by counsel, Mr. Hayes has filed two motions for a new trial on a pro se basis, both of which raise basically the same argument. Dkt. Nos. 202, 208. The government opposes a new trial on several grounds. The Court finds that the new trial requests are untimely and denies them on that ground. The Court orders Mr. Hayes not to submit any more new trial motions pending further guidance from the Court.

A motion for a new trial based on newly discovered evidence must be filed within three years after the verdict. Fed. R. Crim. P. 33(b)(1). A motion for a new trial "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). Here, the jury returned guilty verdicts against Mr. Hayes on April 17, 2015. Dkt. No. 200. Mr. Hayes did not file the new trial motion until July 4, 2015. Dkt. No. 202. Thus, unless his motion is truly "grounded" on "newly discovered

evidence," his motion is untimely and the Court lacks jurisdiction to hear it. *United States v. Lara-Hernandez*, 588 F.2d 272, 275 (9th Cir. 1978).

Mr. Hayes has not proffered any newly discovered facts or evidence in his bids for a new trial. Rather, he alleges fraud and conspiracy on the part of his counsel and the prosecutor. The gist of his argument is that his counsel was ineffective. That is not enough for a new trial at this stage. The Ninth Circuit has held "that a Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged" and does not extend to evidence of counsel's ineffectiveness. *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir. 1994). Consequently, because Mr. Hayes has no newly discovered evidence, he had a deadline of 14 days after the verdict to request a new trial. He did not meet that deadline and the motions are denied. Mr. Hayes may raise his concerns about assistance of counsel in a habeas petition. *Id*. at 1131.

Although the Court will not address the substance of defendant's ineffective assistance claims at this time, the record in this case shows that defense counsel, Mr. Robert Waggener, provided skilled and vigorous representation of the defendant in all pretrial and trial proceedings. The Court is skeptical that Mr. Hayes's ineffective assistance claim has any merit or that the claim is supported by the record in this case or any other credible evidence.

Mr. Waggener moves to withdraw as defense counsel, Dkt. No. 204, and Mr. Hayes has asked Mr. Waggener to relieve himself as counsel, Dkt. No. 202. The Court agrees with Mr. Waggener that "[g]iven the accusations made by Mr. Hayes and the breakdown of [the] relationship," the differences between attorney and client are irreconcilable. Dkt. Nos. 204, 205. In light of that good cause, the Court grants defense counsel's motion to withdraw and refers the case to Magistrate Judge Kandis A. Westmore to appoint new counsel. Pending appointment of new counsel, Mr. Hayes's August 27, 2015 sentencing date, and all dates to respond to the

//
//
//
//

2

Presentence Report, are vacated. The dates will be reset when a new attorney is appointed. Mr. Hayes will remain in custody.

**IT IS SO ORDERED.**

Dated: July 27, 2015

_____
JAMES DONATO
United States District Judge