UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   Plaintiff,<br>   v.<br>REUBEN EARL HAYES,<br>   Defendant. | Case No. 13-cr-00085-JD-1<br><br>**ORDER DENYING MOTION TO DISMISS FOR DUE PROCESS VIOLATION**<br><br>Re: Dkt. No. 156 |

On October 30, 2014, four days before trial was originally scheduled to begin, defendant Reuben Earl Hayes moved to dismiss the case against him because the prosecution allegedly failed to turn over potentially exculpatory evidence in a timely manner. Dkt. No. 156. In the alternative, defendant asked to continue the trial date to effectively investigate the newly disclosed information. *Id.* The Court granted the request to continue the trial, giving defense counsel, Mr. Robert Waggener, as long as he needed to investigate. *See* Dkt. Nos. 165, 169, 174. For the sake of clarity in the record, the Court now formally denies the motion.

The suppression of material evidence helpful to the accused, whether at trial or on a motion to suppress, violates due process if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Such a due process violation may be cured, however, by belated disclosure of evidence, so long as the disclosure occurs "'at a time when disclosure would be of value to the accused.'" *United States v. Span*, 970 F.2d 573, 583 (9th Cir.1992) (quoting *United States v. Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988)).

The Court vacated the November 3, 2014 trial date, and trial was not held until April 13, 2015. This five-month continuance afforded Mr. Hayes ample time to obtain, investigate and

develop the newly disclosed information and prepare for the trial.  Because of the continuance, disclosure ultimately "occurred at a time when it [was] of value to the accused." *Span*, 940 F.2d at 583; *see also United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000).  Under these circumstances, the government's actions could not have affected the outcome of the hearing, and defendant's due process rights were adequately protected.  *See United States v. Woodley*, 9 F.3d 774, 777 (9th Cir. 1993).  Consequently, the Court denies the motion to dismiss because the continuance "cured any such violation." *United States v. Barrios-Siguenza*, 567 F. App'x. 519, 522 (9th Cir. 2014).

**IT IS SO ORDERED.**

Dated: August 13, 2015

_____
JAMES DONATO
United States District Judge