UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>REUBEN EARL HAYES,<br>　　　　　Defendant. | Case No. 13-cr-00085-JD-1<br><br>**ORDER RE CAREER OFFENDER DETERMINATION** |

In April 2015, defendant Reuben Hayes was found guilty by a jury on multiple counts, including felon in possession of a firearm and possession of controlled substances for distribution. One of the counts on which he was convicted was for possession of a firearm in relation to a drug trafficking offense under 18 U.S.C. § 924(c). The Presentence Investigation Report ("PSR") recommended that Hayes be deemed a career offender under United States Sentencing Guidelines ("USSG") Section 4B1.1 based on a 2009 California state felony conviction for infliction of corporal injury on a spouse, a crime of violence, and a 2006 California state felony conviction for possession of a controlled substance for sale under Health and Safety Code Section 11351. Dkt. No. 234. Hayes does not dispute that he was at least eighteen years old at the time of the current "offense of conviction," § 4B1.1(a)(1), and that his current "offense of conviction" is a controlled substance offense felony, § 4B1.1(a)(2). Dkt. Nos. 245, 248. For the prior felony convictions, Hayes accepted the use of the 2009 crime of violence conviction for Section 4B1.1 purposes but objected to use of the 2006 possession for sale conviction. After briefing and argument at the sentencing hearing on January 21, 2016, the Court overruled Hayes' objection and imposed a career offender designation. This order provides additional detail on the reasons for that decision.

The application of the career offender provision turns on whether Hayes' 2006 conviction under Health and Safety Code Section 11351 is a felony "controlled substance offense" under Sections 4B1.1(a)(3) and 4B1.2(b). In July 2005, a complaint was filed in the Alameda County Superior Court charging Hayes with the single count of felony "possession for sale of a controlled substance" under Section 11351. Dkt. No. 246-1 at RH 12. The complaint alleged that Hayes "possess[ed] for sale and purchase[d] for sale a controlled substance, to wit: cocaine." *Id*. An information filed October 17, 2005 states that Hayes was charged with the single felony count of "possession for sale of a controlled substance" under Section 11351 "in that . . . said defendant did unlawfully possess for sale and purchase for sale a controlled substance, to wit: Cocaine." Dkt. No. 246-1 at RH 3.

At a pretrial conference before the Superior Court on March 28, 2006, Hayes pleaded "nolo contendere to the crime(s) of felony(ies), to wit: a violation of Section 11351 of the Health and Safety Code of California, as charged in the First Count of the Information." Dkt. No. 246-1 at RH 24. The court minutes state that the conviction was for felony "possession for sale of a controlled substance" under Section 11351. *Id*. at RH 25. The "abstract of judgment" also states that the conviction was for felony "possession for sale of a controlled substance" under Section 11351. Dkt. No. 246-1 at RH 23.

Hayes contends that these records are not enough to support career offender status under Sections 4B1.1 and 4B1.2. Specifically, he contends that, because Section 11351 is not "categorically" a "controlled substance offense" under Section 4B1.2, his nolo contendere plea does not establish whether he was convicted of "possession for sale" or "purchase for sale" of cocaine. Dkt. No. 248 at 2-3. Hayes argues that "[p]urchasing a controlled substance for sale is not a controlled substance offense" under Section 4B1.2, and so the conviction cannot qualify him for career offender status unless the government can establish that his conviction was "both for a qualifying controlled substance, and for possession (not purchase) for purposes of sale." Dkt. No. 248 at 2 (citing *Armstrong v. Super. Ct.*, 217 Cal. App. 3d 535, 540 n.2 (1990)).

Hayes' reliance on *Armstrong* is misplaced. *Armstrong* addressed "constructive possession" under California Health and Safety Code Section 11378, and expressly declined to

2

construe the meaning of "purchases for purposes of sale" under Section 11351. 217 Cal. App. 3d at 540 n.2. A Ninth Circuit case that addressed *Armstrong*, which defendant did not cite but the Court found in its own research, initially inferred that a conviction for purchase for sale could encompass non-possessory behavior that might not amount to a generic federal drug offense. *United States v. Diego-Barrera*, 180 F. App'x 649, 651 (9th Cir. 2006). But on a second rehearing, the *Diego-Barrera* panel expressly abandoned that inference and joined "other panels of this court [that] had uniformly concluded" that the "possession for sale or purchase for sale of a controlled substance" language of § 11351 "categorically" described a "drug trafficking offense" under USSG Section 2L1.2(b)(1)(A)(i). *United States v. Diego-Barrera*, No. 05-50541, 2008 WL 2278897, at *1-*2 (9th Cir. May 22, 2008). This holding also informs the definition of a "controlled substance offense" under Section 4B1.2. *See United States v. Charles*, 581 F.3d 927, 934 (9th Cir. 2009) ("definitions of 'controlled substance offense' under U.S.S.G. § 4B1.2 and 'drug trafficking offense' under U.S.S.G. § 2L1.2 are identical" except in two minor respects not material here).

Recent Ninth Circuit cases have applied the "modified categorical approach" in determining whether a Section 11351 conviction is based on a qualifying controlled substance and therefore qualifies as a "drug trafficking offense" under USSG Section 2L1.2. *See, e.g., United States v. Leal-Vega*, 680 F.3d 1160, 1167-69 (9th Cir. 2012) (determining that the qualifying Section 11351 conviction was based on tar heroin); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1167-69 (9th Cir. 2014) (determining the qualifying Section 11351 conviction was based on cocaine). The parties agree this "modified categorical approach" applies here, and the Court finds that application to be correct in light of *United States v. Charles*. *See* 581 F.3d at 934. Under the modified categorical approach, the Court's inquiry "is limited to 'the charging document, the terms of a plea agreement . . . or to some comparable judicial record" such as a clerk's minute order, to determine whether the conviction was based on a qualifying controlled substance. *Leal-Vega*, 680 F.3d at 1168; *Torre-Jimenez*, 771 F.3d at 1167-68 (same).

The Superior Court records here leave no doubt that Hayes was convicted of possession of cocaine for sale under Section 11351. The complaint, information, abstract of judgment, and

3

clerk's minutes are all marked with the case number 150998, and specify that the crime committed was a possession for sale violation under Health and Safety Code Section 11351. Dkt. No. 246-1 at RH 3, RH 12, RH 23-25. Each of those records specifically states that Hayes was charged with "possession for sale of a controlled substance," namely cocaine. The fact that Hayes was convicted by a nolo contendere plea is of no moment. The nolo contendere plea counts the same as a guilty plea for career offender purposes. *See* USSG § 4B1.2(c); *United States v. Graham*, 426 Fed. App'x 533 (9th Cir. 2011) (nolo contendere plea equivalent of guilty plea for § 4B1.1 purposes); *United States v. Telles*, 320 F. App'x 702, 703 (9th Cir. 2009) (same). And while Hayes invites the Court to consider a letter he wrote in January 2006 disclaiming possession for sale, Dkt. No. 245 at 7, that is well beyond the limited scope of records properly examined by the Court.

Consequently, the Court determined that Hayes' 2006 conviction qualifies as a felony controlled substance offense for purposes of Section 4B1.1(a). *See Torre-Jimenez*, 771 F.3d at 1168-69 (affirming sentence enhancement under Section 2L1.2 based on nearly identical facts for cocaine conviction under Section 11351). Although Hayes was potentially subject to a guidelines sentence of 360 months to lifetime imprisonment under the career offender provisions of USSG Section 4B1.1(c)(3), the Court imposed a sentence of 220 months imprisonment after considering the 18 U.S.C. § 3553 factors. The Court notes that the 220 month sentence imposed was only 10 months longer than the high end of the guidelines range of 180-210 months of imprisonment that Hayes faced based on his extensive criminal history alone, without application of the career offender provisions. The Court believes that under any analysis, 220 months of imprisonment in this case is a proper sentence that is sufficient, but not greater than necessary, to meet the purposes of sentencing as described in 18 U.S.C. § 3553(a)(2).

**IT IS SO ORDERED.**

Dated: January 26, 2016

_____
JAMES DONATO
United States District Judge

4